IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID MYERS,

     Plaintiff,                                    No. CIV S-11-1753 LKK EFB PS

    vs.

STONELEIGH RECOVERY ASSOCIATES,

     Defendant.                             ORDER

/

This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Currently pending before the undersigned is defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for failure to state a claim. Dckt. No. 10. For the reasons stated herein, defendant's motion to dismiss will be granted with leave to amend.

I.    BACKGROUND

Plaintiff's complaint alleges that defendant violated the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA"). Compl., Dckt. No. 1. The complaint alleges that plaintiff is a consumer and defendant is a debt

collector, as those terms are defined in the FDCPA, and that defendant sought to collect a consumer debt from plaintiff. Compl. ¶¶ 7-8. Plaintiff alleges that "[o]n or about May 11, 2011, the Defendant sent notice to the Plaintiff that a suit was being filed against Plaintiff for a debt the Plaintiff allegedly owed." *Id.* ¶ 11. Plaintiff further alleges that "[o]n or about Plaintiff received a call from Rudy who was representing the Defendant who states that he could pull his credit report and while he was on the phone with the Plaintiff pulled the credit report a second time." *Id.* ¶ 12. Finally, plaintiff alleges that "Defendant knowingly obtained a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose since the Plaintiff had no liability on that account." *Id.* ¶ 13.

Plaintiff contends defendant violated § 1692d(6) of the FDCPA "by placing collection calls without disclosing his/her identity and threatening to sue the Plaintiff if he filed suit"; violated § 1692e(5) "by threatening to take legal action which could not be legally taken or that was not intended to be taken"; violated § 1692f "by using unfair or unconscionable means to collect or attempt to collect the alleged debt"; and violated § 1692d "by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse in connection with attempted collection of alleged debt." *Id.* ¶¶ 18-21.

Plaintiff also contends defendant violated § 227(a)(iii) of the TCPA "by calling a cell phone to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Id.* ¶ 24.

Finally, plaintiff contends defendant violated the FCRA by pulling two credit reports from a consumer reporting agency "under false pretenses or knowingly without permissible purpose. *Id.* ¶¶ 28-29.

II. <u>RULE 12(b)(6) MOTION TO DISMISS</u>

Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that plaintiff fails to plead plausible claims for relief under the FDCPA, the TCPA, or the FCRA.

Dckt. No. 12 at 5-8. In response, plaintiff argues that the factual allegations against defendant are clear. Dckt. No. 12 at 1. However, plaintiff then cites to factual allegations that do not appear in his complaint. *Id.* at 1-2. Specifically, plaintiff alleges that on February 11, 2010 and May 17, 2011, in violation of the FCRA, defendant pulled "Plaintiff's credit report from Experian without permissible purpose." *Id.* at 1. Plaintiff also contends that, in violation of the FDCPA, "[o]n or about February 12, 2010, [defendant] sent Plaintiff a letter attempting to collect on a nonexistent alleged debt" and that plaintiff responded to that letter with a request for validation of the debt. *Id.* Finally, plaintiff contends that on or about May 5, 2011, plaintiff sent a certified letter to defendant with the offer to settle the matter without suit and defendant did not respond. *Id.* at 2.

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-36 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

    A.    Plaintiff's FDCPA Claim

        1.  Section 1692d(6)

Plaintiff contends defendant violated § 1692d(6) of the FDCPA "by placing collection calls without disclosing his/her identity and threatening to sue the Plaintiff if he filed suit."

Compl. ¶ 18. Defendant moves to dismiss that claim, arguing that plaintiff fails to state a claim under § 1692d(6), which requires a meaningful disclosure of the debt collector's identity, since plaintiff does not provide "any facts about the alleged calls that would subject Defendant to liability." Dckt. No. 10 at 5.

Section 1692d of the FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Included among the conduct prohibited by § 1692d is "the placement of telephone calls without meaningful disclosure of the caller's identity." *Id.* § 1692d(6). Here, plaintiff alleges that he received a call from "Rudy who was representing the Defendant," but does not allege when that call occurred or that such an identification was not meaningful within the meaning of § 1692d(6). Nor does he allege any facts regarding any other telephone calls he received from defendant. *See Clemente v. IC Systems, Inc.*, 2010 WL 3855522, at *1-2 (E.D. Cal. Sept. 29, 2010) ("[D]efendants 'cannot be expected to craft a responsive pleading when [plaintiff] fails to allege the date or contents of even one call that [defendant] allegedly made.'") (quoting *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005), *rev'd in part on other grounds*, 594 F.3d 1147 (9th Cir. 2009)). Therefore, plaintiff's claim under § 1692d(6) will de dismissed with leave to amend.

        2. <u>Section 1692e(5)</u>

Plaintiff alleges that defendant violated § 1692e(5) of the FDCPA "by threatening to take legal action which could not be legally taken or that was not intended to be taken." Compl. ¶ 19. In his opposition to the motion to dismiss, plaintiff also contends that in violation of the FDCPA, "[o]n or about February 12, 2010, [defendant] sent Plaintiff a letter attempting to collect on a nonexistent alleged debt" and that plaintiff responded to that letter with a request for validation of the debt. Dckt. No. 12 at 1, 2.

Defendant argues that plaintiff fails to state a claim under § 1692e(5), which prohibits a debt collector from threatening to take any action that cannot be legally taken or that is not

intended to be taken, since plaintiff fails to allege the action defendant threatened to take. *Id.* Therefore, there is no way to discern if that action was intended to be taken or could legally be taken. *Id.*

Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Included among the conduct prohibited by § 1692e is "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5). Here, as defendant notes, because plaintiff has not alleged what action or actions defendant threatened to take, the court cannot determine whether or not those alleged threats are unlawful. Plaintiff's mere recitation of the elements in § 1692e(5) is insufficient to state a claim under *Twombly* and *Iqbal*. *See Lopez v. Rash Curtis & Associates*, 2010 WL 3505079, at *3 (E.D. Cal. Sept. 3, 2010) ("Plaintiff's allegations appear to be no 'more than labels and conclusions,' which will not do."). Accordingly, plaintiff's claim under § 1692e(5) must be dismissed with leave to amend.

### 3. Section 1692f

Plaintiff contends that the defendant violated § 1692f of the FDCPA "by using unfair or unconscionable means to collect or attempt to collect the alleged debt." Compl. ¶ 20. Defendant counters, arguing that plaintiff's claim under § 1692f fails because the complaint does not specify the conduct that was allegedly unfair or unconscionable. *Id.* at 6.

Section 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt" and identifies a variety of conduct that would amount to a violation of that section. *Id.* § 1692f. Here, plaintiff does not allege *any* facts in support of this claim, and therefore the claim must be dismissed with leave to amend.

### 4. Section 1692d

Plaintiff alleges that defendant violated § 1692d "by engaging in conduct the natural consequence of which was to harass, oppress, and/or abuse in connection with attempted collection of alleged debt." Compl. ¶ 21. Defendant moves to dismiss that claim because

6

plaintiff fails to plead any conduct by defendant that would violate that section. *Id.*

As noted above, § 1692d prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Again, plaintiff does not allege any facts in support of this claim and instead merely recites the elements in the statute; therefore, plaintiff's § 1692d claim must be dismissed with leave to amend.

  B. <u>Plaintiff's TCPA Claim</u>

Plaintiff alleges that defendant violated § 227(a)(iii) of the TCPA "by calling a cell phone to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." Compl. ¶ 24. Defendant moves to dismiss that claim, arguing that section § 227(a)(iii) of the TCPA merely defines the term "telephone facsimile machine" and that beyond that, plaintiff has not indicated the section of the TCPA defendant is alleged to have violated. Dckt. No. 10 at 6. Defendant further contends that the only factual allegation plaintiff makes in support of this claim is that plaintiff received a telephone call, and that alone does not subject defendant to liability under the TCPA. *Id.*

As defendant notes, § 227(a)(3) of the TCPA provides a definition of the term "telephone facsimile machine." 47 U.S.C. § 227(a)(3). However, based on the allegations in the complaint, it appears plaintiff is purporting to state a claim under § 227(b)(1)(A)(iii). That section prohibits any person from making any call "using any automatic telephone dialing system or an artificial or prerecorded voice-- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Id.* § 227(b)(1)(A)(iii).

////

////

////

Nonetheless, plaintiff has not alleged any facts to support such a claim.  Therefore, his allegations are insufficient to state such a claim under this section of the statute.  Again, it is not clear whether plaintiff can cure the deficiency by amending the complaint.  Therefore, plaintiff's TCPA claim must be dismissed with leave to amend.

### C. Plaintiff's FCRA Claim

Finally, plaintiff contends that defendant violated the FCRA by pulling two credit reports from a consumer reporting agency "under false pretenses or knowingly without permissible purpose." *Id.* ¶¶ 28-29.

Defendant moves to dismiss plaintiff's FCRA claim, arguing that plaintiff's conclusory allegation that defendant obtained plaintiff's credit report without a permissible purpose is insufficient to state a claim for relief.  Dckt. No. 10 at 7.  Defendant further contends that by alleging that defendant sought to collect a consumer debt from plaintiff, "Plaintiff admits that Defendant in fact did have a permissible purpose under the FCRA as it attempted to collect on an account of Plaintiff, the consumer." *Id.* at 8.  "Whether Plaintiff may or may not owe the debt at issue is irrelevant as long as Defendant had reason to believe it was attempting to collect on Plaintiff's account." *Id.*

In addition to arguing that the factual allegations against defendant are clear, plaintiff also contends in his opposition that plaintiff violated the FCRA on February 11, 2010 and May 17, 2011 by pulling plaintiff's credit report from Experian without permissible purpose.  Dckt. No. 12 at 1.  Plaintiff does not point to a specific provision within the FCRA that he alleges defendant violated.  However, § 1681b(f) provides that "[a] person shall not use or obtain a consumer report for any purpose unless– (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification." 15 U.S.C. § 1681b(f).  Although plaintiff alleges that defendant pulled two credit reports from a consumer reporting agency "under false pretenses or

knowingly without permissible purpose," as defendant notes, plaintiff has also alleged that defendant was attempting to collect a debt from plaintiff.  Therefore, plaintiff's conclusory allegation that the credit reports were pulled "under false pretenses or knowingly without permissible purpose" is insufficient under *Twombly* and *Iqbal*.  *See Makreas v. The Moore Law Group, A.P.C.*, 2011 WL 3047634, at *2 (N.D. Cal. July 25, 2011) ("[P]laintiff's conclusory allegation that Moore lacked a 'permissible purpose' . . . is insufficient to state a claim, . . . and particularly given plaintiff's allegation that Moore is 'engaged in the business of collecting debts in this state in the ordinary course of business.'").  Therefore, plaintiff's claim under the FCRA must be dismissed with leave to amend.

III.   LEAVE TO AMEND

Plaintiff will be granted leave to file an amended complaint.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an opportunity to amend to correct any deficiency in their complaints).  In the amended complaint, plaintiff shall identify the specific statutory basis for each of plaintiff's claims and shall state the specific factual conduct that supports plaintiff's right to relief on each such theory.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the original complaint no longer serves any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Failure to file an amended complaint will result in a recommendation that this action be dismissed.

IV. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Dckt. No. 12, is granted with leave to amend as provided herein.

2. Plaintiff has thirty days from the date this order issues to file an amended complaint, as provided herein. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

3. The status (pretrial scheduling) conference currently set for May 30, 2012 is continued to August 8, 2012 at 10:00 a.m. in Courtroom No. 24.

4. On or before July 25, 2012, the parties shall file status reports, as provided in this court's July 7, 2011 order.

DATED: April 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

10