1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID MYERS,

11          Plaintiff,                              No. CIV S-11-1753 LKK EFB PS

12     vs.

13   STONELEIGH RECOVERY ASSOCIATES,

14          Defendant.                       ORDER
                                         /
15

16          This case, in which plaintiff is proceeding *in forma pauperis* and *in propria persona*, was

17   referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California

18   Local Rule 302(c)(21).  Currently pending before the undersigned is defendant's motion to

19   dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) for

20   failure to state a claim.  Dckt. No. 10.  For the reasons stated herein, defendant's motion to

21   dismiss will be granted with leave to amend.

22   I.    BACKGROUND

23          Plaintiff's complaint alleges that defendant violated the Federal Fair Debt Collection

24   Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act,47

25   U.S.C. § 227 ("TCPA"), and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA").

26   Compl., Dckt. No. 1.  The complaint alleges that plaintiff is a consumer and defendant is a debt

1

1   collector, as those terms are defined in the FDCPA, and that defendant sought to collect a

2   consumer debt from plaintiff.  Compl. ¶¶ 7-8.  Plaintiff alleges that "[o]n or about May 11, 2011,

3   the Defendant sent notice to the Plaintiff that a suit was being filed against Plaintiff for a debt the

4   Plaintiff allegedly owed."  *Id.* ¶ 11.  Plaintiff further alleges that "[o]n or about Plaintiff received

5   a call from Rudy who was representing the Defendant who states that he could pull his credit

6   report and while he was on the phone with the Plaintiff pulled the credit report a second time."

7   *Id.* ¶ 12.  Finally, plaintiff alleges that "Defendant knowingly obtained a consumer report from a

8   consumer reporting agency under false pretenses or knowingly without a permissible purpose

9   since the Plaintiff had no liability on that account."  *Id.* ¶ 13.

10          Plaintiff contends defendant violated § 1692d(6) of the FDCPA "by placing collection

11   calls without disclosing his/her identity and threatening to sue the Plaintiff if he filed suit";

12   violated § 1692e(5) "by threatening to take legal action which could not be legally taken or that

13   was not intended to be taken"; violated § 1692f "by using unfair or unconscionable means to

14   collect or attempt to collect the alleged debt"; and violated § 1692d "by engaging in conduct the

15   natural consequence of which was to harass, oppress, and/or abuse in connection with attempted

16   collection of alleged debt."  *Id.* ¶¶ 18-21.

17          Plaintiff also contends defendant violated § 227(a)(iii) of the TCPA "by calling a cell

18   phone to any telephone number assigned to a paging service, cellular telephone service,

19   specialized mobile radio service, or other radio common carrier service, or any service for which

20   the called party is charged for the call."  *Id.* ¶ 24.

21          Finally, plaintiff contends defendant violated the FCRA by pulling two credit reports

22   from a consumer reporting agency "under false pretenses or knowingly without permissible

23   purpose.  *Id.* ¶¶ 28-29.

24   II.    RULE 12(b)(6) MOTION TO DISMISS

25          Defendant moves to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), arguing that

26   plaintiff fails to plead plausible claims for relief under the FDCPA, the TCPA, or the FCRA.

2

1   Dckt. No. 12 at 5-8.  In response, plaintiff argues that the factual allegations against defendant

2   are clear.  Dckt. No. 12 at 1.  However, plaintiff then cites to factual allegations that do not

3   appear in his complaint.  *Id.* at 1-2.  Specifically, plaintiff alleges that on February 11, 2010 and

4   May 17, 2011, in violation of the FCRA, defendant pulled "Plaintiff's credit report from

5   Experian without permissible purpose."  *Id.* at 1.  Plaintiff also contends that, in violation of the

6   FDCPA, "[o]n or about February 12, 2010, [defendant] sent Plaintiff a letter attempting to collect

7   on a nonexistent alleged debt" and that plaintiff responded to that letter with a request for

8   validation of the debt.  *Id.*  Finally, plaintiff contends that on or about May 5, 2011, plaintiff sent

9   a certified letter to defendant with the offer to settle the matter without suit and defendant did not

10  respond.  *Id.* at 2.

11       To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

12  must contain more than a "formulaic recitation of the elements of a cause of action"; it must

13  contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

14  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more .

15  . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

16  action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

17  36 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

18  'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

19  (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

20  pleads factual content that allows the court to draw the reasonable inference that the defendant is

21  liable for the misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of

22  cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

23  theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

24       In considering a motion to dismiss, the court must accept as true the allegations of the

25  complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

26  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

1   in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

2   (1969). The court will "'presume that general allegations embrace those specific facts that are

3   necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

4   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

5          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

6   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

7   1985). However, the court's liberal interpretation of a pro se litigant's pleading may not supply

8   essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

9   1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

10  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

11  allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

12  *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept

13  unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643

14  F.2d 618, 624 (9th Cir. 1981).

15         The court may consider facts established by exhibits attached to the complaint. *Durning*

16  *v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts

17  which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of

18  public record, including pleadings, orders, and other papers filed with the court. *Mack v. South*

19  *Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986). A pro se litigant is entitled to notice of

20  the deficiencies in the complaint and an opportunity to amend, unless the complaint's

21  deficiencies could not be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th

22  Cir. 1987).

23         A.     Plaintiff's FDCPA Claim

24                1. Section 1692d(6)

25         Plaintiff contends defendant violated § 1692d(6) of the FDCPA "by placing collection

26  calls without disclosing his/her identity and threatening to sue the Plaintiff if he filed suit."

1   Compl. ¶ 18.  Defendant moves to dismiss that claim, arguing that plaintiff fails to state a claim

2   under § 1692d(6), which requires a meaningful disclosure of the debt collector's identity, since

3   plaintiff does not provide "any facts about the alleged calls that would subject Defendant to

4   liability."  Dckt. No. 10 at 5.

5          Section 1692d of the FDCPA prohibits debt collectors from engaging "in any conduct the

6   natural consequence of which is to harass, oppress, or abuse any person in connection with the

7   collection of a debt."  15 U.S.C. § 1692d.  Included among the conduct prohibited by § 1692d is

8   "the placement of telephone calls without meaningful disclosure of the caller's identity."  *Id.*

9   § 1692d(6).  Here, plaintiff alleges that he received a call from "Rudy who was representing the

10  Defendant," but does not allege when that call occurred or that such an identification was not

11  meaningful within the meaning of § 1692d(6).  Nor does he allege any facts regarding any other

12  telephone calls he received from defendant.  *See Clemente v. IC Systems, Inc.*, 2010 WL

13  3855522, at *1-2 (E.D. Cal. Sept. 29, 2010) ("[D]efendants 'cannot be expected to craft a

14  responsive pleading when [plaintiff] fails to allege the date or contents of even one call that

15  [defendant] allegedly made.'") (quoting *Gorman v. Wolpoff & Abramson, LLP*, 370 F. Supp. 2d

16  1005, 1013 (N.D. Cal. 2005), *rev'd in part on other grounds*, 594 F.3d 1147 (9th Cir. 2009)).

17  Therefore, plaintiff's claim under § 1692d(6) will de dismissed with leave to amend.

18              2.  Section 1692e(5)

19         Plaintiff alleges that defendant violated § 1692e(5) of the FDCPA "by threatening to take

20  legal action which could not be legally taken or that was not intended to be taken."  Compl. ¶ 19.

21  In his opposition to the motion to dismiss, plaintiff also contends that in violation of the FDCPA,

22  "[o]n or about February 12, 2010, [defendant] sent Plaintiff a letter attempting to collect on a

23  nonexistent alleged debt" and that plaintiff responded to that letter with a request for validation

24  of the debt.  Dckt. No. 12 at 1, 2.

25         Defendant argues that plaintiff fails to state a claim under § 1692e(5), which prohibits a

26  debt collector from threatening to take any action that cannot be legally taken or that is not

1   intended to be taken, since plaintiff fails to allege the action defendant threatened to take. *Id.*

2   Therefore, there is no way to discern if that action was intended to be taken or could legally be

3   taken. *Id.*

4        Section 1692e of the FDCPA prohibits debt collectors from using "any false, deceptive,

5   or misleading representation or means in connection with the collection of any debt." *Id.*

6   § 1692e.  Included among the conduct prohibited by § 1692e is "[t]he threat to take any action

7   that cannot legally be taken or that is not intended to be taken." *Id.* § 1692e(5).  Here, as

8   defendant notes, because plaintiff has not alleged what action or actions defendant threatened to

9   take, the court cannot determine whether or not those alleged threats are unlawful.  Plaintiff's

10  mere recitation of the elements in § 1692e(5) is insufficient to state a claim under *Twombly* and

11  *Iqbal.  See Lopez v. Rash Curtis & Associates*, 2010 WL 3505079, at \*3 (E.D. Cal. Sept. 3,

12  2010) ("Plaintiff's allegations appear to be no 'more than labels and conclusions,' which will not

13  do.").  Accordingly, plaintiff's claim under § 1692e(5) must be dismissed with leave to amend.

14            3.  Section 1692f

15       Plaintiff contends that the defendant violated § 1692f of the FDCPA "by using unfair or

16  unconscionable means to collect or attempt to collect the alleged debt."  Compl. ¶ 20.  Defendant

17  counters, arguing that plaintiff's claim under § 1692f fails because the complaint does not

18  specify the conduct that was allegedly unfair or unconscionable. *Id.* at 6.

19       Section 1692f provides that "[a] debt collector may not use unfair or unconscionable

20  means to collect or attempt to collect any debt" and identifies a variety of conduct that would

21  amount to a violation of that section. *Id.* § 1692f.  Here, plaintiff does not allege *any* facts in

22  support of this claim, and therefore the claim must be dismissed with leave to amend.

23            4.  Section 1692d

24       Plaintiff alleges that defendant violated § 1692d "by engaging in conduct the natural

25  consequence of which was to harass, oppress, and/or abuse in connection with attempted

26  collection of alleged debt."  Compl. ¶ 21.  Defendant moves to dismiss that claim because

6

1   plaintiff fails to plead any conduct by defendant that would violate that section. *Id.*

2         As noted above, § 1692d prohibits debt collectors from engaging "in any conduct the

3   natural consequence of which is to harass, oppress, or abuse any person in connection with the

4   collection of a debt." 15 U.S.C. § 1692d. Again, plaintiff does not allege any facts in support of

5   this claim and instead merely recites the elements in the statute; therefore, plaintiff's § 1692d

6   claim must be dismissed with leave to amend.

7         B.      Plaintiff's TCPA Claim

8         Plaintiff alleges that defendant violated § 227(a)(iii) of the TCPA "by calling a cell phone

9   to any telephone number assigned to a paging service, cellular telephone service, specialized

10  mobile radio service, or other radio common carrier service, or any service for which the called

11  party is charged for the call." Compl. ¶ 24. Defendant moves to dismiss that claim, arguing that

12  section § 227(a)(iii) of the TCPA merely defines the term "telephone facsimile machine" and

13  that beyond that, plaintiff has not indicated the section of the TCPA defendant is alleged to have

14  violated. Dckt. No. 10 at 6. Defendant further contends that the only factual allegation plaintiff

15  makes in support of this claim is that plaintiff received a telephone call, and that alone does not

16  subject defendant to liability under the TCPA. *Id.*

17        As defendant notes, § 227(a)(3) of the TCPA provides a definition of the term "telephone

18  facsimile machine." 47 U.S.C. § 227(a)(3). However, based on the allegations in the complaint,

19  it appears plaintiff is purporting to state a claim under § 227(b)(1)(A)(iii). That section prohibits

20  any person from making any call "using any automatic telephone dialing system or an artificial

21  or prerecorded voice-- (iii) to any telephone number assigned to a paging service, cellular

22  telephone service, specialized mobile radio service, or other radio common carrier service, or

23  any service for which the called party is charged for the call." *Id.* § 227(b)(1)(A)(iii).

24  ////

25  ////

26  ////

7

1    Nonetheless, plaintiff has not alleged any facts to support such a claim.  Therefore, his

2    allegations are insufficient to state such a claim under this section of the statute.  Again, it is not

3    clear whether plaintiff can cure the deficiency by amending the complaint.  Therefore, plaintiff's

4    TCPA claim must be dismissed with leave to amend.

5            C.      Plaintiff's FCRA Claim

6            Finally, plaintiff contends that defendant violated the FCRA by pulling two credit reports

7    from a consumer reporting agency "under false pretenses or knowingly without permissible

8    purpose." *Id.* ¶¶ 28-29.

9            Defendant moves to dismiss plaintiff's FCRA claim, arguing that plaintiff's conclusory

10   allegation that defendant obtained plaintiff's credit report without a permissible purpose is

11   insufficient to state a claim for relief.  Dckt. No. 10 at 7.  Defendant further contends that by

12   alleging that defendant sought to collect a consumer debt from plaintiff, "Plaintiff admits that

13   Defendant in fact did have a permissible purpose under the FCRA as it attempted to collect on an

14   account of Plaintiff, the consumer." *Id.* at 8.  "Whether Plaintiff may or may not owe the debt at

15   issue is irrelevant as long as Defendant had reason to believe it was attempting to collect on

16   Plaintiff's account." *Id.*

17           In addition to arguing that the factual allegations against defendant are clear, plaintiff

18   also contends in his opposition that plaintiff violated the FCRA on February 11, 2010 and May

19   17, 2011 by pulling plaintiff's credit report from Experian without permissible purpose.  Dckt.

20   No. 12 at 1.  Plaintiff does not point to a specific provision within the FCRA that he alleges

21   defendant violated.  However, § 1681b(f) provides that "[a] person shall not use or obtain a

22   consumer report for any purpose unless– (1) the consumer report is obtained for a purpose for

23   which the consumer report is authorized to be furnished under this section; and (2) the purpose is

24   certified in accordance with section 1681e of this title by a prospective user of the report through

25   a general or specific certification."  15 U.S.C. § 1681b(f).  Although plaintiff alleges that

26   defendant pulled two credit reports from a consumer reporting agency "under false pretenses or

1   knowingly without permissible purpose," as defendant notes, plaintiff has also alleged that

2   defendant was attempting to collect a debt from plaintiff.  Therefore, plaintiff's conclusory

3   allegation that the credit reports were pulled "under false pretenses or knowingly without

4   permissible purpose" is insufficient under *Twombly* and *Iqbal*.  *See Makreas v. The Moore Law*

5   *Group, A.P.C.*, 2011 WL 3047634, at \*2 (N.D. Cal. July 25, 2011) ("[P]laintiff's conclusory

6   allegation that Moore lacked a 'permissible purpose' . . .  is insufficient to state a claim, . . . and

7   particularly given plaintiff's allegation that Moore is 'engaged in the business of collecting debts

8   in this state in the ordinary course of business.'").  Therefore, plaintiff's claim under the FCRA

9   must be dismissed with leave to amend.

10   III.     <u>LEAVE TO AMEND</u>

11       Plaintiff will be granted leave to file an amended complaint.  *Lopez v. Smith*, 203 F.3d

12   1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford *pro se* litigants an

13   opportunity to amend to correct any deficiency in their complaints).  In the amended complaint,

14   plaintiff shall identify the specific statutory basis for each of plaintiff's claims and shall state the

15   specific factual conduct that supports plaintiff's right to relief on each such theory.

16       Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to

17   make an amended complaint complete.  Local Rule 220 requires that an amended complaint be

18   complete in itself.  This is because, as a general rule, an amended complaint supersedes the

19   original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once

20   plaintiff files an amended complaint, the original complaint no longer serves any function in the

21   case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which

22   are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814

23   (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants.

24   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

25       Failure to file an amended complaint will result in a recommendation that this action be

26   dismissed.

9

IV.    CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6), Dckt. No. 12, is granted with leave to amend as provided herein.

2.  Plaintiff has thirty days from the date this order issues to file an amended complaint, as provided herein.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."  Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

3.  The status (pretrial scheduling) conference currently set for May 30, 2012 is continued to August 8, 2012 at 10:00 a.m. in Courtroom No. 24.

4.  On or before July 25, 2012, the parties shall file status reports, as provided in this court's July 7, 2011 order.

DATED:  April 18, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE